November 3, 2004

**BY HAND-DELIVERY AND E-FILING**

Honorable Edward M. Chen
United States Magistrate Judge
U.S. District Court
450 Golden Gate Avenue
San Francisco, CA 94102

Re: **Neothermia Corporation v. Rubicor Medical, Inc.
Northern District of California Case No. C-03-4277 (VRW) (EMC)**

Dear Judge Chen:

The parties have met and conferred regarding several discovery disputes. The parties met and conferred telephonically on October 20, 25 and 26, 2004, with the participation of Nicholas Brown and David Pollock, Weil, Gotshal & Manges LLP, representing Plaintiff Neothermia Corporation ("Neothermia") and Daniel Shvodian, Howrey Simon Arnold & White, LLP, representing Defendant Rubicor Medical, Inc. ("Rubicor"). An in-person meet and confer took place on November 1, 2004, with the participation of Jared Bobrow and David Pollock representing Neothermia and David Bilsker and Daniel Shvodian representing Rubicor. This meet and confer lasted approximately two and one-half hours and was recorded on the two attached audio tapes. *See* Exhibits 1-2.

## I. RESOLVED DISCOVERY DISPUTES

The parties have reached agreement on several discovery disputes:

Rubicor represents that it has produced to Neothermia (a) all non-privileged 510(k) documents, instructions for use (IFUs), and all correspondence with FDA relating to the accused products; (b) all non-privileged documents relating to its '362 Patent created before the September 3, 1998 application date of said patent; (c) all marketing and training materials provided to its sales force, physicians, and other hospital staff and will promptly produce all available versions of materials that are, or have been, posted on its website; and (d) all development documents related to electrosurgery or the alleged inventions disclosed or claimed in the '362 patent that were created or dated before September 3, 1998 and will promptly produce the cover pages or labels of the documents or file folders from which each such document was produced, if missing.

The parties have reached conditional agreement on several discovery disputes:

1. Rubicor will sell to Neothermia, at market price, two samples of each commercially-available accused product and will make available for inspection any prototype or other past example of the accused products in Rubicor's possession.

2. Rubicor will produce the Design History File (DHF) for each accused product, except for documents related solely to the "capture bag."

Honorable Edward M. Chen
United States Magistrate Judge
November 3, 2004
Page 2

3. Rubicor will produce each revision of the technical and manufacturing drawings related to each accused product, except for those drawings related solely to the "capture bag."

4. Rubicor will produce all development documents related to the accused products created before September 19, 2003, the filing date of this action.

5. In a supplemental response to Neothermia's Interrogatory No. 1, Rubicor will promptly identify the production numbers of all documents that describe each sale, lease, placement, giveaway or consignment of the accused products and provide a description of each column or category of information that appears in such documents.

6. In a supplemental response to Neothermia's Interrogatory No. 2, Rubicor will promptly identify the location of the manufacture and assembly of the accused products and the production numbers of the assembly drawings and assembly instructions for each accused product on a model-by-model basis.

7. In a supplemental response to Neothermia's Interrogatory No. 3, Rubicor will promptly identify the production numbers of documents describing each use of the accused products on living tissue. Rubicor also will produce the documents, pursuant to Neothermia's Request No. 17, that provide the basis for said supplemental interrogatory response.

8. In a supplemental response to Neothermia's Interrogatory No. 10, Rubicor will promptly identify the production number of each document that Rubicor alleges may corroborate the alleged conception, reduction to practice, and diligence between conception and reduction to practice of each claim in the '362 patent. Rubicor's supplemental response to this interrogatory will count as a response to two interrogatories.

9. In a supplemental response to Neothermia's Interrogatory No. 12, Rubicor will promptly identify the production number of each document dated or created before September 3, 1998 in which certain portions of the '362 patent appeared or were described.

10. Philip Eggers will be available for deposition during the week of December 6-10, 2004 at a time convenient for the witness and counsel.

11. Eric and Andrew Eggers will be available for deposition during the week of December 6-10, 2004 at a time convenient for the witnesses and counsel.

Each of the above conditional agreements will be carried out depending upon resolution of the parties' disagreement over whether Rubicor can withhold discovery from Neothermia pursuant to Cal. Civ. Proc. Code § 2019(d), which is discussed in detail, below. Copies of the relevant discovery requests and responses are attached as Exhibits 3-6.

Honorable Edward M. Chen
United States Magistrate Judge
November 3, 2004
Page 3

## II. REMAINING DISCOVERY DISPUTES

The parties were not able to reach agreement on the remaining discovery disputes. Those remaining disputes and the parties' respective positions are provided below.

### A. Applicability of Cal. Civ. Proc. Code § 2019(d)

#### 1. Neothermia's Position

It has been more than a year since Neothermia filed this patent infringement and breach of contract action and Rubicor still has not produced many of the most important documents and things, including the accused products, the technical drawings showing their structure, and the Design History File showing the their design and intended use. These documents are central to Neothermia's patent infringement and breach of contract claims and Rubicor's refusal to produce these key documents is based entirely upon Rubicor's theory that a state law trade secret discovery provision – Cal. Civ. Proc. Code § 2019(d) – applies to this case. Rubicor is wrong and should be compelled to provide the withheld discovery.

First, Section 2019(d) does not apply because Neothermia has asserted patent and breach of contract claims, not a trade secret claim. Section 2019(d) is limited expressly to "action[s] alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act." Neothermia has made no such allegation and, therefore, this action simply is not subject to Section 2019(d). Indeed, California's Uniform Trade Secrets Act makes clear that it does not apply to breach of contract or patent claims, as it states that it "does not affect ... contractual remedies, whether or not based upon misappropriation of a trade secret" or "other civil remedies that are not based upon misappropriation of a trade secret." Cal. Civ. Code §3426.7(b).

Second, even if Section 2019(d) somehow applied to Neothermia's breach of contract claim, Neothermia has identified, in its interrogatory responses, the confidential Neothermia information that Rubicor used in breach of the parties' agreement with the "reasonable particularity" required by the Code. *See* Exhibits 7-9 Neothermia's Responses to Rubicor Interrogatory Nos. 1-2] Rubicor has never challenged the particularity of Neothermia's identification of its confidential information and the parties have never met and conferred regarding the particularity of Neothermia's disclosure. As such, Rubicor has no basis for its refusal to provide discovery.

Faced with Neothermia's particularized disclosure, Rubicor has resorted to withholding discovery based on the ground that Neothermia has not represented that it will never supplement its disclosure in the future. Rubicor has presented no authority for this position and Neothermia knows of none. Rubicor's position conflicts with Section 2019(d) itself, which only requires "reasonable particularity," not the "absolute particularity" that Rubicor demands. Moreover, Rubicor's fictional requirement conflicts with Federal Rule of Civil Procedure 26(e), which states that Neothermia "is under a duty to supplement or correct the disclosure or response to include information thereafter acquired ...."

Honorable Edward M. Chen
United States Magistrate Judge
November 3, 2004
Page 4

Tellingly, Rubicor's own conduct shows that its recent assertion of Section 2019(d) is groundless. Rubicor refused to produce any internal documents based upon its 2019(d) theory, but in September and October, it produced thousands of pages of internal documents. If Section 2019(d) applied, why did Rubicor produce documents that it previously said were sheltered by 2019(d)? Rubicor also agreed, during the recent telephonic meet and confers, to produce promptly the DHF for the accused products without mentioning that production was contingent on compliance with Section 2019(d), but reneged during the in-person meet and confer by asserting 2019(d). Rubicor's 2019(d) tactic is merely the latest attempt to deny Neothermia the relevant discovery that will help prove Neothermia's patent infringement and breach of contract claims.

### 2. Rubicor's Position

This motion involves an issue that has been present since the beginning of this case. Neothermia charged Rubicor with improperly using its trade secrets. Neothermia demanded that Rubicor produce all documents that showed it did not. In accordance with California Code of Civil Procedure § 2019(d), Rubicor agree to produce documents when Neothermia identified its allegedly misappropriated trade secrets. Otherwise, Rubicor's situation would have been analogous to a person trying prove that he or she did not commit a traffic violation when the specific violation was kept secret.

After maintaining its position that §2019(d) governed, Rubicor finally got Neothermia to identify its trade secrets in response to a number of specific interrogatories (Ex. 8 at 4:1-6:3; Ex. 9 at 4:10-5:11, 5:23-6:21). Almost immediately, Rubicor filed for summary judgment because Rubicor could conclusively prove that all of those alleged "trade secrets" were publicly known. Recognizing that this evidence put an arrow through the heart of its trade secret case, Neothermia moved the target by identifying new trade secrets. Neothermia claims this was just a "clarification," but page limitations do not permit us to show that not true and that it was simply an attempt to avoid Rubicor's evidence. (*See* Ex. 10 at 2:19-27, 4:9-17).

Under § 2019(d), Rubicor is entitled to foreclose these perpetual "moving target" tactics of Neothermia. In addition to requiring the identification of the trade secrets, Rubicor has sought to pin down Neothermia's positions by deposing Neothermia's inventors. Rubicor first asked for those depositions in March, and Neothermia has scheduled those depositions on two occasions only to cancel each time claiming that Rubicor has not produced sufficient documents to make the depositions fair.

During the last meet and confer, Rubicor agreed to produce specific additional information as a compromise regarding Rubicor's objections of over breadth, undue burden, and irrelevance. In exchange, Rubicor requested assurances that Neothermia's identification of its trade secrets would not change again. Neothermia refused that request. Thus, Rubicor asks this Court for an order that § 2019(d) applies and that Neothermia may not to further amend its trade secrets before Rubicor must produce more documents. Otherwise, this case could go on forever with an ever-moving target. But of even greater concern, Neothermia could take one of the

Honorable Edward M. Chen
United States Magistrate Judge
November 3, 2004
Page 5

tenuously relevant manufacturing documents that it has been demanding and use that information to improperly craft new trade secrets, such as that it disclosed using a certain type of screw.

Although Neothermia pled its cause of action as a breach of contract and not trade secret misappropriation, § 2019(d) is nevertheless applicable. The alleged acts underlying the breach of contract cause of action are that Neothermia disclosed proprietary information to Rubicor and that Rubicor improperly used and disclosed that information – which is the basis of a trade secret claim. Any arguments otherwise exults form over substance.

The justifications for the enactment of § 2019(d), as well as the reasons why it is applicable in this case, are set forth in *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 985 (S.D. Cal. 1999) and *PostX Corp. v. Secure Data In Motion, Inc.*, Case No. C02-4483 at pp. 8-9 (N.D. Cal. Feb. 24, 2004) (attached as Ex. 11). Foremost in regard to this motion, the statute precludes a plaintiff from presenting a moving target and thereby preventing a defendant from forming a defense against a misappropriation allegation. *Computer Economics*, 50 F.Supp.2d at 985. It also prevents a plaintiff from using a trade secret allegation as a fishing expedition and precludes a plaintiff from simply selecting information from the defendant's confidential documents and asserting that information as its own trade secrets. *Id.* The statute achieves these goals by requiring the plaintiff to clearly delineate – before taking discovery – what it considers as its trade secrets. *Id.*; *see also PostX* at pp. 9-12 (Judge Illston granted summary judgment due to the plaintiff's failure to adequately identify the allegedly misappropriated information and rejected the plaintiff's attempt to modify that identification in response to a summary judgment motion).

Thus, § 2019(d) is applicable in this case and must be enforced by the Court to preclude Neothermia from presenting a constantly moving target and from misusing Rubicor's confidential discovery to amend its trade secret identification.

Rubicor lacks space to respond to herein to the inaccurate assertion that Neothermia has been denied access to Rubicor's "most important documents and things."

### B. The Depositions of Philip, Eric and Andrew Eggers

#### 1. Rubicor's Position

There is no reason that the depositions of the inventors should not proceed immediately. Those depositions were subpoenaed back in March and are completely unrelated to the remaining disputes regarding Neothermia's discovery requests. This is especially true given that all of the specific development information still sought by Neothermia will be designated "Outside Counsel Only," and therefore cannot be seen or discussed with the inventors. Thus, Neothermia has no basis to refuse to produce the inventors and must be compelled to do so immediately.

Honorable Edward M. Chen
United States Magistrate Judge
November 3, 2004
Page 6

### 2. Neothermia's Position

Neothermia has produced its most important documents and is not withholding discovery from Rubicor. Rubicor, however, continues to withhold the documents most important to both the patent infringement and breach of contract claims in this action. For the reasons stated in its Motion for Protective Order, including the fundamental unfairness of the present discovery imbalance, Neothermia asks that this Court order Rubicor to produce the withheld documents and things before the parties undertake their deposition programs.

Sincerely,

Jared Bobrow (Bar No. 133712)
Nicholas Brown (Bar No. 198210)
David Pollock (Bar No. 217546)
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

By: _____
David Pollock
Attorneys for Plaintiff
Neothermia Corporation

David Bilsker (Bar No. 152383)
HOWREY SIMON ARNOLD &
  WHITE, LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Daniel T. Shvodian (Bar No. 184576)
HOWREY SIMON ARNOLD &
  WHITE, LLP
301 Ravenswood Avenue
Menlo Park, CA 94025
Telephone: (650) 463-8100
Facsimile: (650) 463-8400

By: _____
Daniel T. Shvodian
Attorneys for Defendant
Rubicor Medical, Inc.